Vacated by Supreme Court, January 24, 2005

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

ROBERT WAYNE BOGGS,
        *Defendant-Appellant.*

No. 03-4574

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-02-29)

Argued: May 7, 2004

Decided: June 9, 2004

Before MOTZ and KING, Circuit Judges, and
Pasco M. BOWMAN, Senior Circuit Judge of the
United States Court of Appeals for the Eighth Circuit,
sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Eric David Placke, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Clifton Thomas Barrett, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee. **ON**

**BRIEF:** Louis C. Allen, III, Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

### OPINION

PER CURIAM:

Robert Wayne Boggs appeals his conviction and 284-month sentence for kidnapping, in violation of 18 U.S.C. § 1201(a)(1) (2000); transmitting a ransom demand in interstate commerce, in violation of 18 U.S.C. § 875(a) (2000); and carrying and using firearms during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2000). Boggs's only contention is that the district court abused its discretion by denying his request for a third evaluation to determine his competence to stand trial. We find no abuse of discretion and therefore affirm.

"The conviction of a defendant when he is legally incompetent is a violation of due process." *United States v. Mason*, 52 F.3d 1286, 1289 (4th Cir. 1995). The district court must order a competency hearing under 18 U.S.C. § 4241(a) (2000) if there is reasonable cause to believe the defendant may presently be suffering from a mental defect rendering him incompetent to stand trial. "The test for mental competence is whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him.'" *Mason*, 52 F.3d at 1289 (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam)); *see also* 18 U.S.C. § 4241(a). Indicia of competence can include a defendant's behavior, his demeanor at trial, and any medical opinion on competence. *Mason*, 52 F.3d at 1290 (citations omitted).

This court's review of a district court's refusal to order a competency determination is for abuse of discretion. *United States v. West*, 877 F.2d 281, 285 n.1 (4th Cir. 1989).

Two previous psychological examinations had concluded that Boggs was competent to stand trial. At a hearing on the motion for a third evaluation of Boggs's competency, which the district court conducted with great care and thoughtfulness, Boggs demonstrated an understanding of the legal system and of the nature of the charges against him. Boggs argues, as he did to the district court, that his rejection of the government's offer of a favorable plea agreement was influenced by the delusions already explored fully in the two previous psychological examinations. The district court conducted an extended colloquy with Boggs and gave thorough consideration to this argument, concluding that Boggs's rejection of the plea agreement was supported by a rational thought process and that Boggs was able to assess his options with a "'reasonable degree of rational understanding.'" *Mason*, 52 F.3d at 1289 (quoting *Dusky*, 362 U.S. at 402). In the circumstances presented here, we cannot say the district court erred in determining there was no reasonable cause to believe Boggs was incompetent to stand trial.

Accordingly, we affirm Boggs's conviction and sentence.

*AFFIRMED*