**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4574**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

ROBERT WAYNE BOGGS,

                                        Defendant - Appellant.

---

On Remand from the United States Supreme Court.
(S. Ct. No. 04-6726)

---

Submitted:  February 10, 2006        Decided:  March 17, 2006

---

Before MOTZ and KING, Circuit Judges, and Pasco M. BOWMAN, Senior
Circuit Judge of the United States Court of Appeals for the Eighth
Circuit, sitting by designation.

---

Affirmed in part; vacated and remanded in part by unpublished per
curiam opinion.

---

Louis C. Allen, III, Federal Public Defender, Eric D. Placke,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.  Anna Mills Wagoner, United States Attorney, Angela
Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro,
North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

This case is before us on remand from the United States Supreme Court. We previously affirmed Robert Wayne Boggs's convictions for kidnapping, transmitting a ransom demand, and using a gun in conjunction with the kidnapping. United States v. Boggs, No. 03-4574 (4th Cir. June 9, 2004) (unpublished). The Supreme Court vacated our decision and remanded Boggs's case for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). Because we conclude that Boggs's sentence was enhanced based upon facts not charged in the indictment or admitted by Boggs, we vacate his sentence and remand for further proceedings.[1]

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court applied the rationale of Blakely v. Washington, 542 U.S. 296 (2004), to the federal sentencing guidelines and held that the mandatory guidelines scheme that provided for sentence enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. Booker, 125 S. Ct. at 746-48, 755-56 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review

---

[1]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Boggs's sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

- 2 -

under the guidelines, thus making the guidelines advisory. Id. at 756-57 (Breyer, J., opinion of the Court). Subsequently, in United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005), this court held that a sentence that was imposed under the pre-Booker mandatory sentencing scheme and was enhanced based on facts found by the court, not by a jury (or, in a guilty plea case, not admitted to by the defendant), constitutes plain error that affects the defendant's substantial rights and warrants reversal under Booker when the record does not disclose what discretionary sentence the district court would have imposed under an advisory guidelines scheme. Hughes, 401 F.3d at 546-56.

Because Boggs did not object to the sentencing range of 168 to 210 months' imprisonment determined by the district court, we review the district court's guidelines calculation for plain error. United States v. Olano, 507 U.S. 725, 732 (1993); Hughes, 401 F.3d at 547. Under the plain error standard, Boggs must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Olano, 507 U.S. at 732-34. Even when these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted).

We have reviewed the record in light of Booker and conclude that two of the enhancements violated Boggs's Sixth

Amendment rights.  Boggs received a three-level increase to his offense level for sexual exploitation of the victim, USSG § 2A4.1(b)(5)(A), and a two-level increase by reference to the guideline for criminal sexual abuse, USSG §§ 2A4.1(b)(7)(A), 2A3.1. Neither of these enhancements was based on facts proven to a jury or admitted by Boggs.  The error was therefore plain, Hughes, 401 F.3d at 547-48, and because it significantly increased Boggs's guideline sentencing range, the error affected his substantial rights.  Id. at 548.  We also conclude that "[t]here can be no doubt that failure to notice such an error would seriously affect the fairness, integrity, or public reputation of judicial proceedings."  Id. at 555.  "[A]lthough it is certainly possible that [Boggs] will receive the same sentence on remand," the record does not compel that conclusion.  Id. at 556.

Accordingly, while we affirm Boggs's convictions, we vacate his sentence and remand for resentencing.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; VACATED
AND REMANDED IN PART

---

[2]On remand, the district court must calculate the appropriate guidelines range, consider that range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence.  If the district court imposes a sentence outside the guidelines range, the court should state its reasons for doing so.  Hughes, 401 F.3d at 546.